UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
97 OCT -6 PM 3:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARY K. BENNETT, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV97-S-1685-NE
)
THE LAWRENCE COUNTY BOARD )
OF EDUCATION, ET AL., )
)
    Defendants. )

ENTERED
OCT 0 6 1997

## MEMORANDUM OPINION

This action is before the court on motion to dismiss filed by the individual defendants: namely Patrick Graham; Cindy Collins; Charles Satchel; Wade Harrison; Wendell Logan; James Cheatham; and, Ricky Terry. Those persons either are present or former members of the Lawrence County Board of Education who have been sued under 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq.

> The individual defendants ... are sued in their representative capacities on account of their offices with the Lawrence County Board of Education. In the case of Patrick Graham, he is sued in his representative capacities on account of his former office held at the time of the acts and omissions alleged as the basis of this action.

(Complaint ¶ 6.) Defendants interpret the reference to "representative capacities" as a claim against defendants in their official capacities. Plaintiff failed to respond to defendants' motion, but informed this court by telephone that she had no objection to the motion to dismiss the individual defendants in their official capacities. Upon consideration of the motion,

brief, pleadings, and oral argument of defense counsel, the court concludes the motion is due to be granted.

## I. TITLE VII CLAIMS

Defendants rely upon *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991), for the proposition that it is redundant to sue an employer and employees in their official capacities as agents of the employer. (Defendants' letter brief at 2.) In *Busby*, the court stated that Title VII "claims must be made against the municipal officer in his official capacity, not in his individual capacity. ... We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.* at 772 (emphasis supplied).

"[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). Thus, the court agrees the claims against the board members in their official capacities are redundant, because the Lawrence County Board of Education is also a defendant. Accordingly, the Title VII claims against those officials are due to be dismissed. *See Johnson v. Waters*, 970 F. Supp. 991, 1005 (M.D. Ala. 1997); *Kelley v. Troy State University*, 923 F.Supp. 1494 (M.D. Ala. 1996).

## II. § 1981 CLAIMS

Defendants generously construe plaintiff's § 1981 claim as a claim under 42 U.S.C. § 1983: "Because she seeks relief against state actors, her 42 U.S.C. § 1981 claim is actually a claim

2

pursuant to 42 U.S.C. § 1983." (Defendants' letter brief at 1 n.1 (citing *Jett v. Dallas Independent School District*, 491 U.S. 701, 731, 735 109 S.Ct. 2702, 2722-23, 105 L.Ed.2d 598 (1989); *Busby*, 931 F.2d at 771 n.6).)

In *Jett v. Dallas Independent School District*,[1] the Supreme Court held that "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett*, 491 U.S. at 731, 109 S.Ct. at 2721. The Civil Rights Act of 1991, however, may have overruled *Jett*, because that statute amended § 1981 to read: "The rights protected by this section are protected against impairment by nongovernmental discrimination <u>and impairment under color of State law</u>." 42 U.S.C. § 1981(c)(emphasis supplied).

The Eleventh Circuit has yet to address the impact of that amendment, but district courts in this circuit have concluded that *Jett* was not overruled by the amendment. *See Reynolds v. Glynn County Board of Education*, 968 F. Supp. 696 (S.D. Ga. 1996); *Ebrahimi v. City of Huntsville Board of Education*, 905 F. Supp. 993 (N.D. Ala. 1995); *Garrett v. Clark County Board of Education*, 857 F. Supp. 949 (S.D. Ala. 1994); *McFarland v. Folsom*, 854 F. Supp. 862 (M.D. Ala. 1994). In the interests of comity and uniform decision-making, this court likewise declines to hold that *Jett* has

---

[1] 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)

3

been overruled. Accordingly, § 1983 remains plaintiff's sole remedy against the state actors in this case.

Plaintiff, however, fails to make a claim under § 1983. A § 1981 claim may "merge" with a § 1983 claim if a complaint makes claims under both statutes,[2] but the § 1981 claim may not stand independently. For example, another court of this district recently dismissed § 1981 claims entirely, because the complaint before it made no claims under § 1983. *Ebrahimi v. City of Huntsville Board of Education*, 905 F. Supp. 993, 994 (N.D. Ala. 1995), *app. dismissed*, 114 F.3d 162 (11th Cir. 1997).

> [W]hen a state employee seeks to hold the agency employer liable in damages for violations of rights guaranteed by § 1981, the state employee must pursue such claim exclusively under § 1983. Plaintiff did not invoke § 1983 in Claim One. The Board of Education is therefore DISMISSED from plaintiff's § 1981 claim contained in Claim One of the First Amended Complaint but remains a defendant under such Claim One as to the Title VII and Title IX claims therein contained.

*Id*.

In the present action, plaintiff did not invoke § 1983 <u>anywhere</u> in her complaint. Therefore, the court concludes the § 1981 claims are due to be dismissed in their entirety: not only against the individual defendants in their official capacities, but also against the Lawrence County Board of Education.

---

[2]*See, e.g., Malone v. Parker*, 953 F. Supp. 1512, 1517 (M.D. Ala. 1996)("Malone also brings a claim under § 1981 for the alleged racial discrimination; his § 1981 claims merge, however, into his § 1983 claim")

4

### III. CONCLUSION

For the foregoing reasons, the court concludes the Title VII and § 1981 claims are due to be dismissed against the individual defendants in their official capacities, and the § 1981 claims are due to be dismissed against the Lawrence County Board of Education. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 6th day of October, 1997.

United States District Judge

5